United States District Court
Southern District of Texas
**ENTERED**
March 12, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| PAUL J WILLIAMS and BARBARA W WILLIAMS, § § § Plaintiffs, § § v. § § PIPE PROS, LLC, HEP SHALEWATER § SOLUTIONS, LLC and § NORMAN WOOD, § § Defendants. § | Civil Case No. 6:20-CV-00057 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Paul and Barbara Williams, citizens of the State of Louisiana, filed the instant lawsuit alleging negligence and gross negligence against Pipe Pros, LLC, HEP Shalewater Solutions, LLC, and Norman Wood. Defendant HEP Shalewater subsequently filed a Motion to Dismiss Plaintiffs' Original Complaint for Lack of Diversity Jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. HEP Shalewater alleges the Parties are not diverse because HEP Shalewater is owned by a master limited partnership that has citizen shareholders who, like the Plaintiffs, are citizens of Louisiana. The Plaintiffs have not responded to the Motion despite the Court instructing HEP Shalewater to participate in jurisdictional discovery on December 9, 2020. For the following reasons, the Court **GRANTS** the Motion to Dismiss.

I.   BACKGROUND

The Plaintiffs commenced this lawsuit on September 15, 2020 after allegedly suffering personal injuries stemming "from the events, equipment failures and negligent actions at HEP's TE Yorktown SWD well site" three years ago on June 24, 2018. (Dkt. No. 1 at ¶ 8). In the Complaint, the Plaintiffs state they are citizens of Louisiana. (*Id.* at ¶ 2). They also state that Pipe

Pros, LLC, along with its member entities, are citizens of Texas and Delaware, (*id.* ¶ 3(b)), and Norman Wood is a "resident" of Texas, (*id.* at ¶ 5). Significantly, the Plaintiffs also inform the Court that HEP Shalewater is a citizen of Delaware because its member, HEP Intermediate Holdco Sub, LLC, is a Delaware citizen. (*Id.* at 4(b)). In short, the Plaintiffs allege there is diversity jurisdiction because the Plaintiffs are Louisiana citizens while no other Defendant is a citizen of that State.[1] (*Id.* at ¶ 6).

HEP Shalewater argues that jurisdiction is not proper in this case. (Dkt. No. 14). According to HEP Shalewater, the Plaintiffs are wrong in assuming that HEP Shalewater is a Delaware citizen because, through a series of other wholly owned LLCs, HEP Shalewater is ultimately a wholly owned subsidiary of NGL Energy Partners LP, a master limited partnership[2] that is publicly traded with shareholders across the country, including Louisiana. (*Id.* at 4–5). As the Motion and corresponding exhibits reflect, NGL Partners is a 100% owner of NGL Energy Operating, LLC, which in turn "has a direct and indirect ownerships [in] 'NGL Operating Subsidiaries,'" including HEP Shalewater. (*Id.* at 3); (*see also* Dkt. No. 14-2 at 15–16; Dkt. No. 14-3 at 2). Further, NGL Partners' Form 10-K filed with the Securities and Exchange Commission lists "HEP Shalewater Solutions, LLC" as a subsidiary of NGL Partners. (Dkt. No. 14 at 3–4); (*see also* Dkt. No. 14-2 at 16). Accordingly, HEP Shalewater concludes that NGL Partners, by

---

[1] In addition, Pipe Pros has since filed a Third-Party Complaint, alleging third-party liability against Challenger Partners, LLC and Challenger Operating Co., LLC in the event damages are found to be due and recoverable against Pipe Pros. (Dkt. No. 7). The Challenger entities are alleged to be Texas citizens, according to Pipe Pros. (*See id.* at ¶¶ 4–5).

[2] A master limited partnership is a limited partnership whose interests, called "common units," are publicly traded. *Hite Hedge LP v. El Paso Corp.*, No. 7117VCG, 2012 WL 4788658, at *1 & n.5 (Del.Ch. Oct. 9, 2012). Master limited partnerships are similar to traditional limited partnerships in that they have limited partners, known as "unitholders," who provide capital, and a general partner who manages the partnership's affairs. *Id.* at 1. Such partnerships differ, however, from traditional limited partnerships in that master limited partnerships are publicly traded. *Id.*

virtue of its shareholders and its subsidiary HEP Shalewater, are Louisiana residents. (Dkt. No. 14 at 5).

The Court held a scheduling conference on December 9, 2020 in which it instructed HEP Shalewater to participate in limited jurisdictional discovery for 45 days. A scheduling order was also entered that day. (Dkt. No. 19). Since then, more than 45 days have passed, and the Plaintiffs have not responded to HEP Shalewater's Motion. HEP Shalewater has also written to the Court, petitioning review of the unanswered Motion.[3] (Letter Regarding Defendant HEP Shalewater, LLC's Request for Briefing on Pending Motion to Dismiss at 1, Feb. 25, 2021).

## II. DISCUSSION

### A. APPLICABLE LAW

Federal courts have limited subject matter jurisdiction and cannot preside over cases unless authorized by the Constitution and, normally, legislation. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). A federal district court's original jurisdiction may be federal-question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332(a). Here, only the Court's diversity jurisdiction pursuant to section 1332(a) is implicated. That statute provides that the Court has original jurisdiction over all civil actions in which the matter in controversy exceeds $75,000 and the dispute is between citizens of different States. 28 U.S.C. § 1332(a)(1).

Without subject matter jurisdiction, the case must be dismissed. FED. R. CIV. P. 12(h)(3). Notably, the party asserting federal jurisdiction carries the burden of establishing it. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3, 126 S.Ct. 1854, 1861 n.3, 164 L.Ed.2d 589 (2006). "A district court may find a lack of subject matter jurisdiction on either: "(1) the

---

[3] In the letter, HEP Shalewater states that the Plaintiffs "believe the Motion to Dismiss should be tabled for an additional 30-45 days to allow Plaintiffs and the remaining defendants to determine whether HEP is a proper defendant in this case." This request has not been communicated directly to the Court. HEP Shalewater has apparently informed the Plaintiffs that it opposes "any such extension."

complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Wilson v. Houston Cmty. Coll. Sys.*, 955 F.3d 490, 494–95 (5th Cir. 2020). At this stage, the court "must take as true all of the allegations of the complaint." *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995). But "[i]f the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.,* 851 F.3d 530, 537 (5th Cir. 2017) (quotation omitted).

Under the Local Rules of the Southern District of Texas, a response to a motion is due 21 days after the motion is filed. S.D. TEX. R. 7.3, 7.4(A). The Local Rules further provide that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. TEX. R. 7.4. The Fifth Circuit has held that a proper sanction for a failure to respond to a dispositive motion is for the court to decide the motion on the papers before it.[4] *Ramsay v. Bailey*, 531 F.2d 706, 709 n.2 (5th Cir. 1976); *see also Eversley v. MBank Dallas*, 843 F.2d 172, 173–74 (5th Cir. 1988) (observing that when the nonmovant fails to respond, a court may properly accept as true the movant's factual allegations).

**B.   ANALYSIS**

This case is straightforward. HEP Shalewater argues that there is no diversity jurisdiction because its parent company, NGL Partners, is a master limited partnership that has shareholders

---

[4] The Fifth Circuit has also said that where the motion is dispositive, "[t]he mere failure to respond to a motion is not sufficient to justify a dismissal *with* prejudice." *Watson v. United States ex rel. Lerma*, 285 Fed. Appx. 140, 143 (5th Cir. 2008) (emphasis added). This is of no matter here, as Rule 12(b)(1) dismissals are ordered *without* prejudice. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016) (holding that dismissal pursuant to Rule 12(b)(1) is not a disposition on the merits and dismissal of nondiverse party "must be a dismissal *without* prejudice in every instance." (emphasis in the original)).

in Louisiana which affords Louisiana citizenship to both NGL Partners and HEP Shalewater. The Plaintiffs fail to respond, and they bear the adverse consequences of this failure. *See United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (holding that failure to adequately brief an argument results in a waiver); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that a plaintiff's failure to defend her claim in her response to a motion to dismiss "constituted abandonment"). Accordingly, the Plaintiffs have failed to rebut HEP Shalewater's contention that diversity is lacking, and the Court finds that it does not have jurisdiction to entertain this action.

But despite the Plaintiffs' failure to respond, both caselaw and the record show that HEP Shalewater's contentions are correct: diversity jurisdiction is lacking in this case. HEP Shalewater is a limited liability company, and entities of that general type are citizens of every State of which any member is a citizen. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). And because one of HEP Shalewater's members,[5] NGL Partners, (*see* Dkt. No. 14-2 at 16), is a master limited partnership, the Court must carefully determine NGL Partners' citizenship to determine HEP Shalewater's for diversity jurisdiction purposes. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009) (affirming where a district court "trac[ed] [the parties'] citizenship down the various organizational layers where necessary" to determine diversity jurisdiction).

The issue of a master limited partnership's citizenship has not been directly addressed by the Fifth Circuit. *See Trafigura AG v. Enter. Prod. Operating LLC*, 995 F. Supp. 2d 641, 644 (S.D. Tex. 2014) (Hittner, J.). However, in analyzing Supreme Court precedent, a court in this

---

[5] "The term 'member' refers to the individual(s) or entity(ies) holding a membership interest in a limited liability company. The members are the owners of an LLC, like shareholders are the owners of a corporation." Wolters Kluwer, *Rights and Responsibilities of LLC Members* (March 1, 2021), https://www.wolterskluwer.com/en/solutions/ct-corporation/rights-and-responsibilities-of-llc-members.

district has held that "[t]he citizenship of all unincorporated entities, including master limited partnerships, is determined by the citizenship of each of its underlying members, not by its state of organization and the state in which its principal place of business is located." *Id.* at 644–46 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990), and *Puerto Rico v. Russell & Co.*, 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903 (1933)). In other words, a master limited partnership's citizenship appears to flow from the citizenship of its "various unitholders." *Id.* at 646. The Tenth Circuit has also reached the same conclusion. *See Grynberg v. Kinder Morgan Energy Partners*, L.P., 805 F.3d 901, 904–08 (10th Cir. 2015) (relying upon, *inter alia*, *Carden*, 494 U.S. 185, 110 S.Ct. 1015; *Russell*, 288 U.S. 476, 53 S.Ct. 447).

The Court believes both the Tenth Circuit and Judge Hittner have reached the correct conclusion: the citizenship of a master limited partnership is determined by the citizenship of its members or, more accurately, its "unitholders."[6] Applying that rule here, diversity jurisdiction in this case would hinge on whether a unitholder of NGL Partners is a Louisiana citizen and, therefore, whether NGL Partners—and its subsidiary HEP Shalewater—is a citizen of that State. The answer to both questions appears to be "yes." For one, HEP Shalewater proffers sworn testimony from Debra L. Sparks, an Assistant Secretary of HEP Intermediate—the entity that both the Plaintiffs and HEP Shalewater describe as HEP Shalewater's direct "parent company," *see supra*—who states that NGL Partners, as of November 17, 2020, "had shareholders across the United States, including citizens in Louisiana." (Dkt. No. 14-1 at ¶ 3). Her testimony further provides that HEP Shalewater is "ultimately a wholly owned subsidiary of NGL Energy Partners

---

[6] The Tenth Circuit, the *Trafigura* court, and the Delaware Court of Chancery, as discussed in n.3 *supra*, use the term "unitholders" for an entity holding investments or ownership in a master limited partnership. The Court finds that the term is akin to the use of "shareholder" in publicly traded companies or "member" in limited partnerships. As such, for the purposes of this analysis, the Court notes that "unitholder" as used by the caselaw is synonymous to HEP Shalewater's use of the term "shareholder" and "member" when describing NGL Partners' ownership of its subsidiary company.

LP." (*Id*. at ¶ 2). Additionally, HEP Intermediate, the entity the Plaintiffs concede is a master of HEP Shalewater, is itself listed as another subsidiary of NGL Partners. (Dkt. No. 14-2 at 16). In sum, the line of ownership from NGL Partners to HEP Shalewater is clear, and thus the citizenship of the individual unitholders of NGL Partners is germane for diversity purposes in a case where HEP Shalewater is a party.

It is not lost on this Court that such a holding would effectively shield from liability master limited partnerships, like NGL Partners, that are citizens of *every* state from a federal court's diversity jurisdiction. Indeed, the *Trafigura* court briefly discussed this "fundamental fairness" concern. 995 F. Supp. 2d. at 645. But as that court noted, "[s]imilar arguments" to those concerns "were considered and rejected" by the Supreme Court. *Id*. Particularly, "the Supreme Court acknowledged that the law in this area 'can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization.'" *Id.* (quoting *Carden*, 494 U.S. at 190, 110 S.Ct. at 1019).

Thus, even if the Plaintiffs had not forfeited their opportunity to defend against HEP Shalewater's allegation that jurisdiction is lacking, the Court finds that NGL Partners is a Louisiana citizen and its subsidiary, HEP Shalewater, is also a citizen of Louisiana. Because HEP Shalewater is deemed a citizen of the same State as the Plaintiffs, there is no diversity jurisdiction.

### III. CONCLUSION

Based on the foregoing, Court finds that there is no diversity jurisdiction in this action. Accordingly, the Court **GRANTS** HEP Shalewater's Motion to Dismiss. The instant action is **DISMISSED WITHOUT PREJUDICE**.

It is SO ORDERED.

SIGNED this March 11, 2021.

                                                                                 */s/ Drew B. Tipton*
                                                                            **DREW B. TIPTON**
                                                        **UNITED STATES DISTRICT JUDGE**