United States District Court
Southern District of Texas
**ENTERED**
April 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| PAUL J WILLIAMS and<br>BARBARA W WILLIAMS,<br><br>　　Plaintiffs,<br><br>v.<br><br>PIPE PROS, LLC, HEP SHALEWATER<br>SOLUTIONS, LLC and NORMAN WOOD,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Case No. 6:20-CV-00057 |

### ORDER

Pending before the Court is the Plaintiffs' Motion for New Trial and/or Reconsideration. (Dkt. No. 27). In the Motion, the Plaintiffs request that the Court exercise its discretion under Rule 59(e) of the Federal Rules of Civil Procedure to reconsider and withdraw the Memorandum Opinion and Order of Dismissal, (Dkt. No. 26), dismissing this case without prejudice for lack of subject matter jurisdiction.[1] Specifically, that Order held that defendant HEP Shalewater Solutions, LLC is non-diverse and therefore this Court lacks diversity jurisdiction. (*Id.*). Although the Plaintiffs admit that they determined during the course of discovery that HEP Shalewater Solutions, LLC "may well not be a proper party defendant to the litigation," (Dkt. No. 27 at 2), the Plaintiffs failed to notify and update the Court. The Plaintiffs nevertheless now petition this Court to withdraw its dismissal of the action and provide them the opportunity to cure the jurisdictional defect. (*Id.* at 2–5). After reviewing the Motion, the record, and the applicable law, the Court is of the opinion that the Motion should be **DENIED**.

---

[1] Rule 59(e) provides: "MOTION TO ALTER OR AMEND A JUDGMENT. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Rule 59 of the Federal Rules of Civil Procedure provides for a court's alteration or amendment of a judgment upon a party's timely motion. A judgment may be altered or amended under Rule 59(e) to correct a manifest error of law or fact, account for newly discovered evidence, or accommodate an intervening change in controlling law. *Schiller v. Physicians Res. Grp., Inc.,* 342 F.3d 563, 567 (5th Cir. 2003). Rule 59(e) motions should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction. *Templet v. Hydrochem, Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004). In other words, the Rule 59(e) remedy is extraordinary and should be used sparingly. *Id.* at 479. Indeed, the remedy is so extraordinary that the standard applicable to Rule 59(e) "favors the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

Notwithstanding, the Plaintiffs maintain that reconsideration is proper here. The Plaintiffs do not argue that the Court erred in its judgment, that there is new evidence showing that HEP Shalewater is a diverse defendant, or that a change in the law occurred making the Court's disposition in the Memorandum Opinion incorrect. Instead, the Plaintiffs contend that the Court should grant their Motion because doing so serves the interests of "justice and judicial economy." (Dkt. No. 27 at 4–5). In support of this argument, the Plaintiffs point out that "[a]ll parties[,] save HEP, have been conducting significant discovery and have been actively moving this case." (*Id.* at 4; Dkt. No. 27-1 at 6). The Court is not persuaded.

The Court previously gave the Plaintiffs 45 days from December 9, 2020 to conduct jurisdictional discovery, (Dkt. No. 26 at 3; *see also* Dkt. No. 27-2 at 1), and the Plaintiffs concede that they concluded HEP Shalewater is a "non-diverse Defendant" *before* this Court issued its Memorandum Opinion. (Dkt. No. 27 at 2; Dkt. No. 27-1 at 2). The Plaintiffs explain that they

were nevertheless uncertain whether HEP Shalewater was a "proper party defendant" in the first place, and they continued seeking discovery to make that determination. Yet the Plaintiffs did not inform the Court of this development. Additionally, the Plaintiffs did not respond to HEP Shalewater's Motion to Dismiss—a motion that had been ripe for this Court's review for two months and three weeks.[2] (Dkt. No. 14). There is nothing in the instant Motion or in the record justifying the Court altering or amending its judgment under Rule 59(e).

The Court's previous dismissal of the instant action is without prejudice. (Dkt. No. 26 at 7). The Plaintiffs are therefore free to refile if they so choose.

Thus, for these reasons, the Court **DENIES** the Plaintiffs' Motion for New Trial and/or Reconsideration.

It is SO ORDERED.

SIGNED this April 15, 2021.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Local Rules of the Southern District of Texas require parties to file a response to a motion within 21 days after the motion is filed. S.D. TEX. R. 7.3, 7.4(A). HEP Shalewater's Motion to Dismiss was filed on December 2, 2020. (Dkt. No. 14). In accordance with the Local Rules, the Plaintiffs should have filed a response no later than December 23, 2020. On December 9, 2020, the Court gave the Plaintiffs 45 days to conduct jurisdictional discovery. As such, the Plaintiffs should have responded to HEP Shalewater's Motion by January 23, 2021. Throughout that time up to the day the Court signed its Memorandum Opinion on March 11, 2021, the Plaintiffs did not give even an update or notice to the Court, let alone a response to the pending Motion to Dismiss.